James R. Hamilton, Winifred J. Hamilton, and Agnes Krey, Appellants *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued May 5, 1980, before Judges WILKINSON, JR., CRAIG and MACPHAIL, sitting as a panel of three.

56

*John F. Schweigert, Schweigert & Kent,* for appellants.

*Lawrence R. Wieder,* Assistant Attorney General, with him *Robert W. Cunliffe,* Chief Counsel and *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE CRAIG, June 5, 1980:

James R. Hamilton, his wife, and Agnes Krey (condemnees) appeal from an order of the Court of Common Pleas of Allegheny County which dismissed their preliminary objections to a declaration of taking filed by the Pennsylvania Department of Transportation (PennDOT) in connection with the condemnation of their properties located on East Street in Pittsburgh.

The record in this case reveals that in December, 1971, PennDOT appropriated the condemnees' properties for use in building Interstate-279 (I-279). The condemnees failed to file preliminary objections within thirty days of the declaration of taking as required by Section 1-406 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess. P.L. 84, *as amended,* 26 P.S. §1-406. The filing date here was in January of 1978, more than seven years after the declaration of taking.

However, condemnees contend that the thirty-day time limit should be extended as permitted under Section 1-406 of the Code for "cause" because in June of 1977, St. Boniface Church, another property located along East Street within the proposed area of construction of I-279 (but one-and-one-half miles from condemnees' property) was deemed eligible for inclusion into the National Register of Historic Places. Consequently, condemnees contend that federal law might preclude PennDOT from the "use" of the St. Boniface Church site, so that the construction of the federally-aided interstate highway could be entirely prevented.[1] Therefore, condemnees reason, PennDOT's taking of their property has become fruitless, thus nullifying the state's right to appropriate their property. We disagree.

Section 1-406 of the Code makes preliminary objections the exclusive method of challenging a declaration of taking. However, challenges raised by preliminary objections are expressly limited to: (1) the power or right of the condemnor to appropriate the condemned property unless the same has been previously adjudicated; (2) the sufficiency of the security; (3) any other procedure followed by the condem-

---

[1]The statute claimed to be applicable to St. Boniface Church as an historic site is 23 U.S.C. §138, which reads in part:

After the effective date of the Federal Aid Highway Act of 1968, *the Secretary shall not approve any program or project which requires the use of any publicly-owned land from . . . an historic site of national, State or local significance as so determined by such officials unless (1) there is no feasible and prudent alternative to the use of such lands, and (2) such program includes all responsible planning to minimize harm to the . . . historic site resulting from such use.* (Emphasis added.)

At most, to view this federal law as an insuperable obstacle is speculative; because it could possibly affect only federal funding, not state power, it is not germane.

58

nor; or (4) the declaration of taking. At most, only the power of the condemnor to take remains at issue here.

The status of St. Boniface Church cannot affect the power or right of PennDOT to appropriate the condemnees' properties. Therefore, we fail to see how the federal historical designation attached to St. Boniface Church, or even federal limitations on the funding of projects using the church property, more than seven years after the taking of the condemnees' properties, can conceivably affect the lawfulness of PennDOT's taking condemnees' land for a public purpose in 1971.

Accordingly we affirm the court below.

ORDER

AND Now, this 5th day of June, 1980, the May 1, 1978 order of the Allegheny County Court of Common Pleas is affirmed.